## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

James P. Reckers,
Plaintiff

vs

Dental Care Plus, Inc.,
Defendant

Case No. 1:04-cv-554-HJW-TSH
(Weber, Sr. J.; Hogan, M. J.)

**ORDER**

This matter is before the Court on pro se plaintiff James P. Reckers's motion to remand (Doc. 10) and the memorandum in opposition filed by defendant Dental Care Plus, Inc. (Doc. 11). Plaintiff did not file a reply memorandum in support of his motion to remand. Also before the Court are plaintiff's motion for leave to amend the complaint and defendant's memorandum in opposition. (Docs. 6 & 7).

Plaintiff initiated this action in Hamilton County, Ohio, Municipal Court, Small Claims Division, on July 29, 2004, seeking monies allegedly owed to him under a dental insurance policy issued by defendant Dental Care Plus, Inc. Plaintiff seeks recovery of $2,310.00 allegedly due him as a beneficiary of defendant's policy which was issued to plaintiff's spouse through her employment, and under which plaintiff is a beneficiary. It is undisputed that the dental plan relates to a "welfare benefit plan" as defined by the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §1001 et. seq. Defendant removed the case to this Court on August 19, 2004, pursuant to 28 U.S.C. §§ 1441(a) & 1446(a).

Plaintiff now moves the Court to remand this action arguing that it was wrongfully removed because federal district courts and state courts have concurrent

jurisdiction over ERISA actions brought pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff asserts that defendant removed this action solely for purposes of delay and to increase the expense and length of this litigation.

Defendant counters that plaintiff's motion to remand should be denied for two reasons. First, plaintiff failed to file his motion to remand within the time period proscribed for such motions by 28 U.S.C. § 1447(c). Second, defendant contends that while federal district courts and state courts may have concurrent jurisdiction over actions brought pursuant to ERISA § 502(a)(1)(B), such concurrent jurisdiction does not defeat a defendant's right to removal pursuant to 28 U.S.C. § 1441(a).

The Court finds defendant's arguments to be well-taken. Plaintiff failed to file a motion for remand within the time proscribed by statute and did not seek leave from this Court nor demonstrate good cause why the untimely motion should be granted. Secondly, the weight of authority is clear that concurrent jurisdiction over an action in both federal and state court does not defeat a defendant's right to remove an action over which this Court has original jurisdiction. *See e.g. Dorsey v. City of Detroit*, 858 F.2d 338, 341 (6th Cir. 1988)("[t]he weight of judicial authority supports the conclusion that a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited."); *Spencer v. South Florida Water Management*, 657 F. Supp. 66, 67 (S.D. Fla. 1986)(collecting cases). For these reasons, plaintiff's motion to remand is hereby DENIED.

As for plaintiff's motion for leave to amend the complaint, the Court notes that the motion was filed on September 14, 2004, and the Court subsequently conducted a scheduling conference with the parties on November 9, 2004. (Docs. 6, 13). The Court's calendar order permits plaintiff up to and including November 30, 2004, in which to file an amended complaint. Consequently, the September 14, 2004 motion was implicitly granted by the Court at the November 11, 2004 conference, and the amended complaint filed on November 5, 2004 is deemed timely filed. (Docs. 6, 9, 13). For these reasons, to the extent defendant questions the propriety of plaintiff's filing his amended complaint prior to the conference, the motion for leave to file is hereby GRANTED.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion to remand is DENIED and plaintiff's motion for leave to file an amended complaint is granted and the amended complaint filed on November 5, 2004 is deemed properly filed.

_____
Timothy S. Hogan
United States Magistrate Judge