UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James P. Reckers,
    Plaintiff

    vs                                                Case No. 1:04-cv-554-HJW-TSH
                                                           (Weber, Sr. J.; Hogan, M. J.)

Dental Care Plus, Inc.,
    Defendant

**REPORT AND RECOMMENDATION**

       This matter is before the Court on Defendant Dental Care Plus, Inc.'s motion for judgment on the administrative record (doc. 16), pro se plaintiff's cross-motion for judgment on the administrative record (Doc. 18), and defendant's memorandum in opposition to plaintiff's cross-motion. (Doc 19). For the reasons set forth more fully below, the Court recommends that defendant's motion be granted and plaintiff's motion be denied.

       Plaintiff initiated this action in Hamilton County, Ohio, Municipal Court, Small Claims Division, on July 29, 2004, seeking monies allegedly owed to him under a dental insurance policy issued by defendant Dental Care Plus, Inc. It is undisputed that the dental plan relates to a "welfare benefit plan" as defined by the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §1001 et. seq. Defendant removed the case to this Court on August 19, 2004, pursuant to 28 U.S.C. §§ 1441(a) & 1446(a).

       Plaintiff seeks recovery of $2,310.00 allegedly due him as a beneficiary of defendant's policy which was issued to plaintiff's spouse through her employment, (The Plan), and under which plaintiff is a beneficiary. In March 2002, plaintiff received dental care from Dr. Mark Silvers, D.D.S., for the restoration of a broken tooth in the area of tooth #7. Plaintiff elected to have his tooth extracted and underwent an endosseous implant. On April 15, 2002, plaintiff's claim for payment

under the Plan was rejected and plaintiff appealed the denial of his claim to defendant's Utilization Review/Quality Assurance Committee (UR/QAC). Plaintiff argued that the costs of the implant procedure should be partially covered under the Plan's "Alternative Benefit Policy." On May 2, 2002, Dr. Fred Peck, D.D.S., Chairman of the UR/QAC, informed plaintiff by letter that his appeal had been denied. The denial was based on the Committee's determination that implants and all implant related procedures are excluded from coverage under the Plan, and that the Alternative Benefit Policy does not apply to excluded services. On August 27, 2002, plaintiff sent a written request for a copy of the Plan, to which defendant responded by sending a copy of the Member Handbook for Clermont County Health Trust on August 30, 2002. On March 21, 2004, plaintiff sent a letter to defendant's Board of Directors as a formal notice of appeal of the UR/QAC decision to deny his claim. On April 7, 2004, plaintiff appeared at a hearing before the Final Review Committee and provided testimony in support of his appeal. On April 8, 2004, the Final Review Committee informed plaintiff by letter issued that same date that it had voted to uphold the original denial of his request for payment. The Committee determined that the implant and related procedures were not a covered service and that the Alternative Benefit Policy did not apply. Having exhausted his administrative remedies, plaintiff subsequently filed this action in Hamilton County, Ohio Municipal Court, as outlined above.

A beneficiary may challenge an ERISA plan administrator's decision to deny benefits under 29 U.S.C. § 1132(a)(1)(B). When a plaintiff raises such a challenge, the District Court must review the administrator's decision under a *de novo* standard, unless "the benefit plan in question gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where the plan grants discretionary authority to the administrator, the Court must apply the highly deferential arbitrary and capricious standard to its review of the benefits decision. *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996). Under an arbitrary and capricious standard, the Court must affirm the administrator's decision if the record evidence establishes a reasonable basis for the decision. *Davis v. Kentucky Fin. Cos. Retirement Plan*, 887 F.2d 689, 693-94 (6th Cir. 1989), *cert. denied*, 495 U.S. 905 (1990). Under the *de novo* standard of review, however, the Court must consider "the proper interpretation of the plan and whether an employee is entitled to benefits under it" based solely on the record that was before the administrator. *Perry v. Simplicity Engineering*, 900 F.2d 963, 966-67 (6th Cir. 1990). *See also Lake v. Metropolitan Life Ins. Co.*, 73 F.3d 1372, 1376 (6th Cir. 1996); *Wulf*

*v. Quantum Chemical Corp.*, 26 F.3d 1368, 1372 (6th Cir. 1994). *De novo* review simply means a determination "whether or not the Court agrees with the administrative decision based on the record that was before the administrator." *Id.*

In the present case, neither plaintiff nor defendant directly addresses the proper standard of review under which the Court should consider plaintiff's claim for benefits. Having reviewed the Plan language, the Court concludes that a *de novo* standard is the proper basis upon which to evaluate plaintiff's claim. Nothing in the plan indicates that the administrator or fiduciary has been granted discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Bruch*, 489 U.S. at 115.

The Plan addresses a member's financial obligation for non-covered service and specifically states that:

> The Member is responsible for payment to the dentist for any service that is not covered by Dental Care Plus. Non-covered services include (but are not limited to) the following:
>
> • any service specifically listed as an exclusion of this Contract.
>
> • any service not covered by Dental Care Plus due to a specified limitation of this Contract. For examples of such limitations, please see the Covered Dental Services section.
>
> • any service that is denied by Dental Care Plus because a member has exceeded the annual or lifetime maximum benefits payable under this Contract. See Schedule of Benefits for the annual and lifetime maximum benefits levels of your plan.

(Doc. 14, Defendant's Notice of filing Administrative Record, Ex. A, DCP-Reckers 11).

The Plan section governing exclusions enumerates excluded services, including "implants or transplants and all related services," and states:

> The following are service specifically excluded from coverage under this Contract. The Member is financially obligated for payment to the dentist for any service that is excluded/not covered under this Contract.

(Id., DCP-Reckers 19).

Plaintiff does not contest defendant's assertion that implants are listed as an excluded/non-covered service under the Plan. Rather, plaintiff argues that the Plan's Alternative Benefit Policy provides coverage for the procedure plaintiff selected to redress his broken tooth. The Alternative Benefit Policy states:

> Many dental conditions can be treated in more that one way. The Plan has an "alternative benefit policy" which governs the amount of benefits the Plan will pay for treatments covered under the Plan. If a patient chooses a more expensive treatment than is needed to correct a dental problem according to accepted standards of dental practice, the benefit payment will be based on the cost of the treatment which provides professionally satisfactory results at the most cost-effective level. The patient will pay the difference in cost.

(Id., DCP-Reckers 13). Plaintiff contends that under this provision, he is entitled to reimbursement for his implant procedure up to the amount the plan would have paid if he had opted for a bridge, a covered service under the Plan, rather than an implant. The flaw in plaintiff's reasoning, as defendant point out, is that the Alternative Benefit Policy, by its own terms, applies to the determination of the proper amount of a benefit payment where a plan beneficiary has chosen a treatment option from among one or more *covered* services. This provision does not obligate the Plan to pay for services which are by the Plan's own terms excluded or not covered. To read the plain language of this section in any other way would be to render other sections of the plan a nullity. There would be no reason to specifically enumerate excluded services if a beneficiary always had the option to select a non-covered treatment and have the Plan pay the difference between that treatment option and a covered service.

Having reviewed the Plan and the Administrative Record and having considered the parties' arguments, the Court finds that the decision of the Administrator was proper and should be upheld.

4

## IT IS THEREFORE RECOMMENDED THAT:

Defendant's motion for judgment on the administrative record be GRANTED and plaintiff's motion for judgment on the administrative record be DENIED.

s/Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

James P. Reckers,
    Plaintiff

    vs                                       Case No. 1:04-cv-554-HJW-TSH
                                                (Weber, Sr. J.; Hogan, M. J.)

Dental Care Plus, Inc.,
    Defendant

## NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 9/21/2005. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.